J-S63027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE LAMONT SPANGLER | |
| Appellant | No. 277 MDA 2014 |

Appeal from the Judgment of Sentence March 15, 2011
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002280-2009

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 29, 2015**

Appellant, Andre Lamont Spangler, appeals from the judgment of sentence entered March 15, 2011. After careful review, we vacate the judgment of sentence and remand for resentencing.

Spangler pled guilty to various drug related offenses based upon allegations of multiple sales of cocaine. The trial court initially sentenced Spangler to a term of incarceration of 10 to 20 years. After considering Spangler's post-sentence motions, however, the trial court resentenced Spangler to an aggregate term of imprisonment of 7 to 14 years.

Spangler subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), through which his direct appeal rights were reinstated

---

[*] Retired Senior Judge assigned to the Superior Court.

*nunc pro tunc* by PCRA court order dated January 10, 2014. This timely appeal followed.

On appeal, Spangler raises the following issues for our review:

1. Should Mr. Spangler be resentenced due to sentencing entrapment and/or sentencing manipulation?
   a. Did law enforcement engage in sentencing entrapment and/or sentencing manipulation in the course of its investigation?
   b. Is Appellant entitled to a new sentence due to sentencing entrapment and/or sentencing manipulation?
2. Is 18 Pa.C.S.A. § 7508 unconstitutionally vague?
3. Does 18 Pa.C.S.A. § 7508 violate the equal protection clauses?
4. Is 18 Pa.C.S.A. § 7508 unconstitutional as applied in this case since it constitutes cruel and unusual punishment?

Appellant's Brief, at 7.

We need not address any of the issues raised by Spangler as the parties now recognize that while the instant appeal was pending this Court, sitting *en banc*, held that section 7508 is facially invalid pursuant to the Supreme Court of the United States' decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Furthermore, this issue cannot be waived. **See Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (holding that violations of **Alleyne** could not be waived). The Commonwealth concedes that Spangler is entitled to re-sentencing. We therefore vacate Spangler's

judgment of sentence and remand for re-sentencing pursuant to the dictates of *Newman* and *Alleyne*.

Judgment of sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/2015